WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN CLANCY, a single man; EDWARD MCMULLEN, a single man; and LAS CIEN CASAS, LLC., an Arizona company,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; and UNITED STATES AIR FORCE,<br><br>Defendants. | Case No.: 4:18-CV-00011-LCK<br><br>**ORDER** |

Defendants United States of America and United States Air Force move to dismiss the Complaint filed by Plaintiffs John Clancy, Edward McMullen, and Las Cien Casas, LLC for lack of subject matter jurisdiction. (Doc. 12.) Plaintiffs filed an Objection to Motion to Dismiss and Defendants replied. (Docs. 13-2, 16.) Plaintiffs filed and later withdrew their response to Defendants' Reply. (Docs. 17, 18.) Plaintiffs filed a Motion to Supplement, and the motion was granted.[1] (Docs. 19, 25.) Defendants replied to the supplementary documents. (Doc. 26.) Both parties consented to Magistrate Judge Kimmins's authority to render a final judgment. (Doc. 23.) For the reasons discussed below, the Court grants in part and denies in part the Motion to Dismiss.

---

[1] In their Motion to Supplement, Plaintiffs also requested oral argument on the Motion to Dismiss. (Doc. 19.) The Court determines that it does not require oral argument to resolve the pending motion.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed a complaint against Defendants, asserting the Federal Tort Claim Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, as the basis for the Court's jurisdiction. (Doc. 1.) The following facts are taken from Plaintiffs' Complaint. Plaintiffs allege that, on or about February 8, 2016, an airman of the United States Air Force inadvertently started a fire on the real property known as Parcel number 302-24-007 (the "Property") and caused damage to the Property. On March 9, 2016, Plaintiffs filed an administrative claim with Defendants pursuant to the FTCA. On April 13, 2016, Defendants offered Plaintiffs $2,500 to settle the claim. Plaintiffs requested reconsideration. On July 13, 2017, Plaintiffs' administrative claim was denied. Plaintiffs sue for negligence and seek damages. The Property is owned by Las Cien Casas, LLC. Mr. Clancy and Mr. McMullen are the sole owners of Las Cien Casas, LLC.

## **DISCUSSION**

Defendants moved to dismiss for lack of subject matter jurisdiction. First, Defendants argue that, because the Property is owned by Las Cien Casas, LLC, Mr. Clancy and Mr. McMullen have not been injured and do not have standing to sue. Second, Defendants contend that, although Las Cien Casas, LLC owns the Property, it failed to file an administrative claim with Defendants pursuant to the FTCA.

Plaintiffs submitted to the Court: (1) a copy of the SF-95 Claim Form as originally submitted to Defendants; (2) a copy of the deed of the Property submitted along with the SF-95 Claim Form; and (3) Defendants' settlement offer. (Doc. 25.)

### **Plaintiffs Mr. Clancy and Mr. McMullen**

Because the Property is owned by Las Cien Casas, LLC, Mr. Clancy and Mr. McMullen have not been injured and do not have standing to sue. It is a "fundamental rule" that even though a stockholder owns all of the stock in a corporation, he cannot sue as an individual for injury to the corporation. *Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969); *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 (9th Cir.

1979); *Shell Petroleum, N.V. v. Graves*, 570 F. Supp. 58, 62 (N.D. Cal), *aff'd*, 709 F.2d 593 (9th Cir. 1983). In responding to the Motion to Dismiss, Plaintiffs Mr. Clancy and Mr. McMullen did not dispute Defendants' argument based on standing. (Doc. 13-2.) Mr. Clancy and Mr. McMullen will be dismissed.

**Plaintiff Las Cien Casas, LLC**

The FTCA provides that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Administrative exhaustion is a jurisdictional prerequisite to filing a FTCA suit. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Federal Courts are courts of limited jurisdiction, and the burden of establishing such jurisdiction rests upon the party bringing the case to federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Defendants argue that Las Cien Casas, LLC failed to file an administrative claim and the Court should enforce strict adherence with the exhaustion requirement. *See McNeil,* 508 U.S. at 113 ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980))). Defendants note that Box 2 on the SF-95 Claim Form asks for "claimant's personal representative if any" and directs the filer to the instructions on the reverse, which state that "[a] claim presented by the agent or legal representative must be presented in the name of claimant" and that "[i]f the incident involves more than one claimant, each claimant should submit a separate claim." (Doc. 25-1.) The SF-95 Claim Form at issue only listed Mr. McMullen as the Claimant, with no indication that he was filing on behalf of the LLC or any evidence of his authority to act on behalf of the company. When asked for the name and address of the owner, if other than the claimant, Mr. McMullen wrote

- 3 -

"same as claimant." Therefore, Defendants allege that the administrative claim was filed on behalf of Mr. McMullen personally, not on behalf of Las Cien Casas, LLC.

Plaintiffs counter that Mr. McMullen, at all times, was acting on behalf of Las Cien Casas, LLC, and Defendants were aware that the administrative claim was filed on behalf of the LLC. The deed that Plaintiffs submitted to Defendants with the SF-95 Claim Form states that the Property is owned by Las Cien Casas, LLC. The Court also reviewed a copy of Defendants' settlement letter to Mr. McMullen. The relevant part of Defendants' offer states: "I note that the property is actually owned by Las Cien Casas, LLC. Therefore, an authorized officer will have to sign the settlement agreement even if that officer is you, and the payment will be made to Las Cien Casas."

The Court finds that Plaintiff Las Cien Casas, LLC met its burden with respect to the exhaustion requirement. The exhaustion requirement serves two general purposes: to avoid unnecessary litigation by making it possible for the government to "expedite the fair settlement" of the claims, and to provide for a "more fair and equitable treatment" of private parties when they have claims against the government. *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985). These two purposes are served when the claim gives the government sufficient notice to commence investigation, and the claimant places a value on the claim. *Id.* The Ninth Circuit held that only "minimal notice" is required to satisfy the exhaustion requirement. *Id.*; *Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982) (reasoning that requiring more than minimal notice would be an inefficient use of judicial resources and also inconsistent with the congressional purpose of providing for a "more fair and equitable treatment" of private parties).

The Court recognizes that the FTCA is a limited waiver of sovereign immunity and the exhaustion requirement must be interpreted strictly. *McNeil*, 508 U.S. at 113; *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). However, the facts here show that, as far as Las Cien Casas, LLC's claim is concerned, the congressional purposes for enacting the exhaustion requirement were well served and the "minimal

notice" requirement was satisfied. Therefore, Las Cien Casas, LLC sufficiently exhausted its claim.

First, despite Mr. McMullen's failure to list Las Cien Casas, LLC in the SF-95 Claim Form, Defendants were aware that the Property was owned by Las Cien Casas, LLC and made a settlement offer to the company. Thus, the congressional purpose of facilitating settlement was well served. The deed submitted along with the SF-95 Claim Form was an indication of Las Cien Casas, LLC's claim and Mr. McMullen's representative capacity. Defendants' settlement offer unequivocally stated, "I note that the property is actually owned by Las Cien Casas, LLC," and Defendants offered to pay the LLC rather than Mr. McMullen. Las Cien Casas, LLC provided Defendants with sufficient information to investigate its claim and to make a settlement offer to it. In fact, Defendants were able to do so quickly. The administrative claim was filed in March 2016, and Defendants made an offer to Las Cien Casas, LLC in April 2016.

Second, to hold otherwise would be inconsistent with the congressional purpose of providing for a "more fair and equitable treatment" of private parties and the "minimal notice" requirement. A lay person need provide only a "general description of the time, place, cause and general nature of the injury and the amount of compensation demanded." *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002); *see also Avery*, 680 F.2d at 610-11. Las Cien Casas, LLC satisfied that requirement. Although the information was available in the instructions, Mr. McMullen may not have known that he needed to list the LLC as the claimant in the SF-95 Claim Form. Forfeiture of the LLC's claim for that oversight would undermine Congress's intent to provide fair treatment to private parties. The deed indicated Las Cien Casas, LLC's claim and Mr. McMullen's representative capacity, and it was submitted to Defendants along with the SF-95 Claim Form. To establish jurisdiction, Mr. McMullen was not required to submit to Defendants evidence of his authority to act on behalf of the LLC. *See Blair v. IRS*, 304 F.3d 861, 865 (9th Cir. 2002); *Kinlichee v. United States*, 929 F. Supp. 2d 951, 960 (D. Ariz. 2013)

(finding that evidence of authority is only instructional not jurisdictional). In addition, to find that the administrative claim was filed on behalf of Las Cien Casas, LLC is not unfair to Defendants: Defendants received the deed at the outset, were aware of the LLC's claim, and made a settlement offer to the LLC rather than Mr. McMullen.

## **CONCLUSION**

Based on the above assessment, the Court will grant in part and deny in part Defendants' Motion to Dismiss. Because the Property is owned by Las Cien Casas, LLC, Mr. Clancy and Mr. McMullen have not been injured and do not have standing to sue. The Court will dismiss Plaintiffs Mr. Clancy and Mr. McMullen. However, the Court will deny the motion to dismiss Las Cien Casas, LLC, as the Court finds that Las Cien Casas, LLC satisfied the exhaustion requirement pursuant to the FTCA and the Court has proper jurisdiction over its claim.

When a court grants dismissal, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Plaintiffs did not contest dismissal of Mr. Clancy or Mr. McMullen, nor did they request leave to amend their claims. Because the dismissal as to Mr. Clancy and Mr. McMullen is based on their lack of standing and the defect cannot be cured by allegation of additional facts, the Court will not grant amendment at this time.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs Clancy and McMullen are **DISMISSED.**

Dated this 25th day of July, 2018.

_____
Honorable Lynette C. Kimmins
United States Magistrate Judge