**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Las Cien Casas, LLC.,

              Plaintiff,

v.

United States of America and United States Air Force,

              Defendants.

No. 18-CV-00011-TUC-LCK

**ORDER**

      Defendants United States of America and United States Air Force move to dismiss, for lack of subject matter jurisdiction, Plaintiff's claim for damages to the extent it exceeds that stated in the administrative claim. (Doc. 66.) Plaintiff filed a response and Defendants replied. (Docs. 67, 68.) Both parties consented to Magistrate Judge Kimmins's authority to render a final judgment. (Doc. 23.)

## FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff filed a Complaint against Defendants, asserting the Federal Tort Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, as the basis for the Court's jurisdiction. (Doc. 1.) The facts in this paragraph are taken from Plaintiff's Complaint. Plaintiff alleges that, on or about February 8, 2016, an airman of the United States Air Force inadvertently started a fire on a 120-acre real property known by parcel number 302-24-007A and damaged 60 acres. The damage consisted of destruction of native vegetation by fire and as a method to prevent spread of the fire, fire debris, drainage problems, and loss

of potential to sell the Property for grazing. On March 9, 2016, Plaintiff filed an administrative claim (SF-95) with Defendants pursuant to the FTCA, in which it estimated the damage at $187,000 for clearing debris and re-introducing native vegetation. On April 13, 2016, Defendants offered Plaintiff $2,500 to settle the claim. Plaintiff requested reconsideration. On July 13, 2017, Plaintiff's administrative claim was denied. Plaintiff sued in this Court for negligence and sought compensation for damage to that 120-acre property in the amount stated in the administrative claim, $187,000.

In its motion response, Plaintiff acknowledges that now it is seeking damages above $187,000 based on lost value for a 200-acre property, comprised of the 120-acre vacant parcel that sustained the actual fire damage and an adjacent 80-acre parcel with a residence. (Doc. 67 at 2-3.) The damages valuation derives from an expert report obtained during this litigation. (*Id.* at 4-5.) During discovery, Defendant learned that Plaintiff had increased its damages request beyond the scope of the Complaint.

## DISCUSSION

Defendants move to dismiss, for lack of subject matter jurisdiction, any claim by Plaintiff for damage to property other than the 120-acre parcel or any amount beyond the $187,000 included in the administrative claim.

The FTCA provides that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Administrative exhaustion is a jurisdictional prerequisite to filing a FTCA suit. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The United States is immune from suit, except to the extent it consents to be sued, and a court's jurisdiction is defined by its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA operates as a waiver of sovereign immunity and, as such, "must be strictly adhered to." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (quoting *Jerves v. United States*, 966 F.2d 517, 521

(9th Cir. 1992)); *see McNeil,* 508 U.S. at 113 ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980))). Federal Courts are courts of limited jurisdiction, and the burden of establishing such jurisdiction rests upon the party bringing the case to federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

"A claim is deemed presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)).

**Scope of Property Included in Plaintiff's Administrative Claim**

The Court looks first at the property damage for which Plaintiff gave notice in its administrative claim. The notice requirement is minimal and satisfied by the filing of a "brief notice or statement with the relevant federal agency containing a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded." *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002). The Ninth Circuit holds that if a claimant stated the "nature and extent of (his) injury" the requirement is satisfied, even if he did not identify the legal theory alleged in the subsequent lawsuit. *Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980). However, any portion of a plaintiff's civil suit that does not comply with the claim presentation rule is subject to dismissal for lack of subject matter jurisdiction. *Blair*, 304 F.3d at 866, 868-69.

Did Plaintiff's administrative claim put the government on notice that its claim included a loss in value for the adjoining 80-acre parcel that sustained no fire damage? Plaintiff states it "never claimed the entire property was not the issue of the value of the claim" and the existence of the adjacent 80-acre parcel was never hidden from

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants. (Doc. 67 at 3.) The Court is evaluating the extent of the injury for which Plaintiff provided notice in the claim, not the universe of possible injuries that Plaintiff did not explicitly disclaim.

Plaintiff also argues that correspondence during the administrative claim process cited the property address as 35000 S. Ruggles Rd., which is an address used to identify the two parcels jointly. In support, Plaintiff submitted an April 2016 letter from the Air Force that referenced visiting the property at 35000 S. Ruggles Rd. (Doc. 67-1.) However, Plaintiff has acknowledged that the vacant 120-acre parcel does not have a separate mailing address by which it could be referenced. This singular letter supports Plaintiff's argument that the 80-acre parcel may have been known to the government during the administrative claim process. But it is irrelevant to evaluating the scope of the claim, which is based on what was stated on Plaintiff's SF-95.

Plaintiff's SF-95 never mentioned the street address at 35000 S. Ruggles Rd. Rather, it states as the basis of the claim that "the fire spread to our private property and burned ± 60 acres of our 120 A/C parcel #302-24-007A. Pima County, Az." (Doc. 66-1 at 2.) In describing the property and nature of the damage, Plaintiff identified it as parcel # 302-24-007A and stated, "fire destroyed native vegetation on ± 60 acres / multiple cut trees and ocotillo to prevent fire spread." (*Id.*) Plaintiff attached the property deed and the legal description of the 120-acre property. (*Id.* at 4-6.) On the second page of the claim, Plaintiff stated that no insurance claim had been made because there was no accident or property damage insurance for the 120-acre land parcel identified as #302-24-007A; accident insurance existed only for the 80-acre homestead. (*Id.* at 3.)

Even a liberal reading of the claim does not allow the Court to find that Plaintiff gave notice to the government of its current claim that it is entitled to damages for the loss of value to the 200-acre property as a whole. Plaintiff identified the two properties separately in the claim and stated the damage as running only to the 120-acre undeveloped parcel. Therefore, the Court's subject matter jurisdiction is limited to

Plaintiff's claim for damages suffered as a result of injury to the 120-acre parcel evaluated as a singular property. *See Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir. 1991) (dismissing three of four claims, for failure to exhaust, because a plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts.") (quoting *Dundon v. United States*, 559 F. Supp. 469, 476 (E.D.N.Y.1983)); *Bembenista v. United States*, 866 F.2d 493, 499 (D.C. Cir. 1989) (dismissing a claim for failure to present it to the federal agency because attachment of documents from which an agency could infer an unstated injury does not qualify as notice).

Plaintiff's written statement to the Air Force did not provide notice that it was injured in relation to any property other than the 120-acre vacant parcel. Because the goal of the administrative claim process is to facilitate settlement, the failure to provide notice of a claim precludes satisfaction of that goal. *See Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983). Therefore, the Court does not have jurisdiction over a claim by Plaintiff that it suffered damages arising from property other than the 120-acre vacant parcel.

**Monetary Value as Limited by the Administrative Claim**

The Court looks next at the $187,000 damage total stated in Plaintiff's SF-95 and evaluates whether Plaintiff meets an exception to exceed that sum certain. The governing statute provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). Because "the purpose of the administrative claim is to facilitate settlement of these disputes, a specific dollar amount is necessary to allow realistic assessment of the settlement value of a case." *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977). Plaintiff argues that its expert opinion is newly discovered evidence "not

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

fully available to [ ] Plaintiff at the time it filed its administrative claim"; therefore, it contends it is allowed to seek an amount above $187,000.[1] (Doc. 67 at 4-5.)

Almost all of the cases discussing § 2675(b) involve physical injury to a person. In those cases, the courts focus on foreseeability, limiting damages to the amount sought in the administrative claim if the "full extent" of the claimant's injuries were reasonably foreseeable at that time. *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir.), amended, 860 F.2d 357 (9th Cir. 1988); *Salzwedel v. United States*, No. CV-16-00501-TUC-RM, 2018 WL 460892, at *6 (D. Ariz. Jan. 18, 2018). Plaintiff has not suggested that its injuries were not fully known at the time of the administrative claim. In fact, the Complaint filed in this Court almost two years after the claim alleged very similar facts and sought damages in the same amount, $187,000. (Doc. 1.)

Although Plaintiff had not obtained its expert opinion at the time it filed its administrative claim, Plaintiff offers no reason that it could not have done so. *See Chang-Williams v. United States*, Civ. Action. No. DKC 10-0783, 2011 WL 2680714, at *2 (D. Md. July 7, 2011) ("Nor is the expert testimony itself a newly discovered piece of evidence or an intervening fact as contemplated by § 2675(b).") Information does not qualify as newly discovered evidence "if a plaintiff could have discovered it with reasonable diligence before filing her administrative claim." *Salzwedel*, 2018 WL 460892, at *6 (citing *Priest v. United States*, No. 3:14-CV-500-AC, 2015 WL 6457997, at *5 (D. Or. Oct. 26, 2015)). Based on the information known to the Court about Plaintiff's claim, there is no obvious explanation why it was not discoverable earlier. Plaintiff's damages are based on the remediation the property required due to the fire and/or any change in value to the property due to the fire. Those two quantifications were knowable shortly after the fire.

The two out-of-district cases upon which Plaintiff relied do not involve § 2675(b) and are inapposite. In *Culley v. Lincare Inc.*, No. 215CV00081MCECMK, 2017 WL

---

[1] Plaintiff did not cite any "intervening facts" that would satisfy the second statutory exception to the sum certain requested in the administrative claim.

- 6 -

1477045, at *2 (E.D. Cal. Apr. 25, 2017), the court determined that an expert report was "evidence" that did not exist at the time a first motion for summary judgment was filed, which supported the court allowing a second motion for summary judgment. That court did not evaluate whether the expert report was "reasonably discoverable" at the time of the first motion. In *RCG Properties, LLC v. City of Atlanta Bd. of Zoning Adjustment*, 579 S.E.2d 782, 786, 260 Ga. App. 355, 361 (2003), the court held that "appeals from rezoning decisions are conducted de novo, and new evidence, including expert testimony, may be introduced." That court's allowance of expert testimony in appeals from local zoning decisions under Georgia law has no bearing on whether expert testimony qualifies as newly discovered evidence under the federal statute at issue before this Court.

Plaintiff has failed to establish the existence of newly discovered facts allowing it to seek damages above the $187,000 sought in the administrative claim. Rather, it appears to be a situation in which the "claimant[], [its expert] . . . or [its] attorney[], are of the opinion that the claim has a greater value" than thought at the time of the administrative claim; allowing suit in excess of the claim on that basis would render the statutory limitation meaningless." *Kielwien v. United States*, 540 F.2d 676, 681 (4th Cir. 1976) (quoting *Nichols v. United States*, 147 F. Supp. 6, 10 (E.D. Va. 1957)). The Court does not have jurisdiction over a claim by Plaintiff for damages above $187,000.

## CONCLUSION

Plaintiff acknowledges that, at trial, it intends to pursue damages beyond those stated in the Complaint and the administrative claim. However, Plaintiff has not sought leave to amend the Complaint or to exceed the scope of the administrative claim. And, it did not clearly articulate the scope of its intended claims or damages in responding to Defendants' motion.

Based on the arguments set forth in the motion briefing and the relevant law, Plaintiff is jurisdictionally barred from stating a claim for damages above $187,000 or arising out of injury beyond what it suffered as to the 120-acre parcel (No. 302-24-007A).

The Complaint before the Court, however, is within the Court's subject matter jurisdiction as it alleges solely damage to the 120-acre parcel of land and seeks $187,000 in damages. (Doc. 1.) For that reason, the Court will deny Defendants' motion to dismiss despite agreeing that the Court's jurisdiction is limited to the parameters identified by Defendants.

Now that the Court has resolved the only pending dispositive motion, the parties should begin preparing for trial. Prior to that, the Court believes settlement should be contemplated. The parties indicated, at the end of 2019, that their settlement positions were quite far apart. (Doc. 65.) Additionally, Defendants wanted a ruling on the instant motion and a *Daubert* motion prior to substantive conversations on settlement. (*Id.*) No *Daubert* motion is pending at this time. However, the Court has evaluated the parameters of its jurisdiction in ruling on the motion to dismiss and encourages the parties to evaluate the possibility of a referral for a settlement conference at this time. The Court will vacate the parties' deadline for a proposed pretrial order to allow time for them to assess settlement. If the parties decline a settlement referral, the Court will re-set that deadline and begin to schedule this matter for trial.

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that, on or before **May 22, 2020**, the parties shall file a statement with the Court regarding the status of settlement discussions and whether they request a referral to another Magistrate Judge for a settlement conference.

**IT IS FURTHER ORDERED** that the 30-day deadline for the parties to file a Joint Proposed Pretrial Order is **VACATED**, to be reset after settlement evaluation.

Dated this 4th day of May, 2020.

Honorable Lynnette C. Kimmins
United States Magistrate Judge

- 8 -